

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. T. McMillin
Deputy Commissioner
Department of Banking
Austin, Texas

Dear Mr. McMillin:　　　Opinion No. O-3331

　　　　　　　　　Re: Construction of Article 881a,
　　　　　　　　　Sections 18, 59 and 60, and
　　　　　　　　　Penal Code, Article 90 with
　　　　　　　　　respect to the authority of
　　　　　　　　　the Banking Commissioner to
　　　　　　　　　deposit with the State Treas-
　　　　　　　　　urer securities deposited
　　　　　　　　　with the Banking Commissioner
　　　　　　　　　by foreign building and loan
　　　　　　　　　associations.

　　　　　We beg to acknowledge receipt of your letter re-
questing an opinion from this Department, as follows:

　　　　　"1.　In event a foreign building and loan
association deposits cash with the Banking Com-
missioner pursuant to the provisions of the
above Statutes, is he required to redeposit the
cash with the State Treasury?

　　　　　"2.　In event the Banking Commissioner
should deposit cash with the State Treasurer,
is the State Treasurer authorized to receive
such cash in such manner as to bind the sure-
ties on his bond for the safe keeping thereof?

　　　　　"3.　Is the Banking Commissioner author-
ized, upon receipt of cash under such circum-
stances, to deposit such cash in state banks
of his selection, limiting the amount deposit-
ed in each bank to $5,000.00, so that such
deposits will be protected by Federal Deposit
Insurance?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. T. McMillin  - page 2

Your inquiries make it necessary for us to construe certain sections of the Building & Loan Associations Act.

Section 58 (Article 881a, Vernon's Texas Statutes) provides:

"Foreign building and loan associations may do business in this State in accordance with the laws of this State governing building and loan associations; * * *

"Section 59 makes the following requirement of a foreign association desiring to do business in Texas:

"(3) It shall deposit with the Banking Commissioner of Texas One Hundred Thousand Dollars in cash or bonds of the United States, or bonds of any state of the United States, or bonds of any county or municipal corporation in the State of Texas, or mortgages being first liens on improved and productive real estate located in this State and worth at least twice the amount of the liens, which securities shall be approved in advance by the Banking Commissioner of Texas. The Banking Commissioner of Texas shall have authority to require such associations to deposit additional securities, and to order a change in any of the securities so deposited at any time. Such deposit shall be held as security for all claims of residents of this State against such foreign association, and shall be liable for all judgments or decrees thereon; and said securities shall not be released until obligations to residents of this State shall have been fully performed and discharged. * * *"

Section 60 further declares:

"All such securities deposited with the Banking Commissioner of Texas shall be imme-

diately deposited by them (him) with the
State Treasurer who, with his sureties,
shall be responsible for the safekeeping
thereof.  The State Treasurer shall deliver
such securities only upon the written order
of the Banking Commissioner of Texas."

Article 93 of the Penal Code reads as follows:

"If the State Treasurer shall knowing-
ly keep or receive into the building, safes
or vaults of the treasury, any money or
representative thereof belonging to any in-
dividual, excepting cases expressly provided
for by law, he shall be confined in the peni-
tentiary not less than two nor more than
five years."

So, also, Article 4374 of the Revised Civil
Statutes, provides that:

"The Treasurer shall not keep or re-
ceive into the building, safes or vaults
of the treasury any money, or the repre-
sentative of money, belonging to any in-
dividual except in cases expressly pro-
vided for by law."

It will be seen the deposit required of such
foreign building and loan association may consist "in
cash or bonds" or "first mortgages", and that "such de-
posit shall be held as security for all claims of resi-
dents of this State against such foreign association,
and shall be liable for all judgments or decrees there-
on."

The deposit (of whatsoever character) is
treated throughout the Act as security and the compon-
ent parts of the deposit, whether of cash, bonds or
mortgages, as "securities".  There is no intention to
segregate the cash security from the bond and mortgage
security in any respect whatever.  In other words, there
is nothing to indicate that the cash portion of the de-
posit should be handled in any different way from the

bonds or mortgages constituting a part of the deposit. Section 60 of the statute requires "all such securities deposited with the Banking Commissioner" to be immediately deposited by him with the State Treasurer." We think the comprehensive word "securities" in this connection means the same securities, whether cash, bonds or mortgages, required or permitted to be deposited by the association with the Banking Commissioner.

The statutes, penal and civil, forbidding the Treasurer to receive and hold any money, or the representative of any money, the property of an individual in the treasury has no application to the situation here presented because such money deposit is charged with a public use, and, moreover, the statutes we have considered do authorize such deposit.

So that, your first question should be answered in the affirmative. Of course, the requirement that the Banking Commissioner shall deposit the securities with the Treasurer necessarily implies the correlative requirement that the Treasurer will accept such deposit of securities. This imposes upon the Treasurer an official duty binding upon him and his official sureties precisely as any other official duty imposed by law upon that officer.

Your second question is therefore likewise answered in the affirmative.

From what we have said it follows that the Banking Commissioner is not authorized to segregate the cash from the other items of security deposited with him, and to deposit such cash to his own official account in the manner indicated in your third question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY